Matthias, J.
The primary question in this cause is whether a change of status of a municipality from a village to a city during the pendency of a proceeding before the Board of County Commissioners for the annexation of a part of the territory of the village to an adjoining city divests the board of its jurisdiction of such proceeding.
In order to reach this principal issue we must dispose of the contention which has been made that the Secretary of State acted improperly when he declared the village of North Ridge-ville to be a city.
Section 1, Article XVIII of the Ohio Constitution, provides for the classification of cities and villages in the following manner :
“Municipal corporations are hereby classified into cities' and villages. All such corporations having a population of five thousand or over shall be cities; all others shall be villages. The method of transition from one class to the other shall be regulated by law.”
Under this constitutional provision it is clear that the status of a municipality as a village or a city is not a.n optional matter with the municipality. Once the constitutionally specified popu *137 lation is reached by a municipality, it becomes, as a matter of law, a city.
Inasmuch as the determination of population is a question of fact, the General Assembly, in accordance with the constitutional mandate to provide laws for the transition of a village to a city, has provided that municipal status shall be reviewed every ten years, the basis for such review being the federal census reports. Section 703.01, Eevised Code.
Accordingly in July 1960, after the Secretary of State had been informed of an informal certification by the Director of the Bureau of Census that the population of the village of North Eidgeville had exceeded the constitutional minimum for a city, the Secretary of State proceeded to perform his mandatory duty of declaring North Eidgeville to be a city and put into operation the necessary administrative procedure to accomplish the transition.
Appellants herein, city of Elyria and E. Glenn Baxter, contend that such declaration was invalid for the reason that the result of such census was not ‘ ‘ officially made known to the Secretary of State” as required by Section 703.06, Eevised Code. It is the meaning of the phrase, “officially made known,” which raises the question here. Does it mean that the Secretary of State must wait until the final official declaration of the census is sent to him, or is it sufficient that after such census is taken he is informally informed of the result of such census? There is no doubt that in the present cause the Secretary of State secured his information from the office taking the census and presumably from one who had the authority to disseminate such information. In our opinion this was a sufficient compliance with the statute.
In other words, the results of a federal census are “officially made known to the Secretary of State,” within the meaning of Section 703.06, Eevised Code, where such results are furnished to the Secretary of State from the agency taking the census by one who presumably has the authority to issue such information.
This brings us to a consideration of the basic issue, the effect of the change of status of North Eidgeville upon the jurisdiction of the Board of County Commissioners over the annexation proceeding.
*138 It must be noted that, although jurisdiction is lodged in the Board of County Commissioners in matters relating to the annexation of a part of village territory to a city, no jurisdiction exists in the board relating to an annexation proceeding concerning a part of city territory to another city. In fact Section 709.35, Revised Code, and Sections 709.22 and 709.23, Revised Code, set up different procedures for these different situations.
There is no question that the board would have had no jurisdiction over the annexation proceeding if the declaration that North Ridgeville was a city had preceded the institution of the proceeding.
Appellants cite cases holding that once jurisdiction attaches it is not divested by a change of conditions. Primarily they rely on the case of Chadwell v. Cain, Clerk, 169 Ohio St., 425. In that case, after “official action” had been taken by a Board of County Commissioners in an annexation proceeding, certain signers of the petition for annexation attempted to withdraw their signatures from the petition. This court in essence held that once “official action” had been taken the signers had no right to withdraw their names and could not thereby divest the board of its jurisdiction.
The change of conditions in the Ghadwell case, i. e., the attempted withdrawal of the signatures, is analogous to a situation in a civil action, where it has been held that the acts or change of condition of one of the parties cannot deprive the court of its jurisdiction over his person once it has attached. Cases of this nature relate to changes which do not involve jurisdiction of the subject matter of the action. In the present cause, we are concerned with a change which affects the subject matter. The jurisdiction which attached when the proceeding was instituted was valid jurisdiction to conduct an annexation proceeding involving annexation of part of a village to a city. The subject matter over which the board had jurisdiction as to annexation related only to annexation of part of a village to a city and not as to part of a city to another city. When North Ridgeville changed its status, the subject matter of the annexation was changed also, and because of the statutory differences in the annexation proceedings the change of status of North Ridgeville from a village to a city divested the board of its jurisdiction over *139 the subject matter, and any further action taken by the board would have been a nullity.
Although a change of conditions during the pendency of an annexation proceeding before a Board of County Commissioners which does not affect the subject matter of the proceeding may not divest the board of its jurisdiction, a change of conditions which does affect the subject matter so that the statutory basis of jurisdiction no longer exists divests the board of its jurisdiction.
As to the assigned error that the city of North Ridgeville was not a proper party to appeal to the Court of Appeals in this cause, we find this contention to be without merit. Clearly a municipality has a distinct interest in any proceeding which would have the effect of changing its boundaries. Alterations in the boundaries of a municipality not only could conceivably affect its status as a city but also would affect its tax revenue.
For the foregoing reasons, the judgment of the Court of Appeals is correct and, therefore, is affirmed.

Judgment affirmed.

Weygandt, C. J., Zimmerman, Taet, Crawford, O’Neill and Griffith, JJ., concur.
Crawford, J., of the Second Appellate District, sitting by designation in the place and stead of Herbert, J.